IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

Colin D. Whitehouse,    )
    Plaintiff,    )
           )
v.    )        1:10cv1020 (CMH/TRJ)
           )
Laurel A. Corner,    )
    Defendant.    )

F I L E D
FEB 1 4 2012
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

<u>MEMORANDUM OPINION</u>

Colin D. Whitehouse, a Virginia inmate proceeding <u>pro se</u>, filed this civil rights action,

pursuant to 42 U.S.C. § 1983, alleging the defendant violated his constitutional rights by

unlawfully seizing his incoming mail.[1]   In an Order dated November 14, 2011, defendant was

directed to submit a supplemental brief in support of her Motion for Summary Judgment.

Defendant submitted the supplemental brief on December 13, 2011.   Plaintiff was given the

opportunity to file responsive materials pursuant to <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir.

1975) and Local Civil Rule 7(K).   After being granted an extension of time, plaintiff filed a

Response on February 2, 2012.   For the reasons that follow defendant's Motion for Summary

Judgment will be granted.

---

[1] Initially, plaintiff alleged that the defendant violated his constitutional rights by (1) fraudulently overcharging plaintiff for postage on outgoing mail, (2) unlawfully searching and ultimately returning mail from plaintiff's fiancé due to allegedly false claims that the mail contained photographs of nude children, (3) unlawfully seizing plaintiff's legal mail, (4) destroying state documents related to an alleged institutional infraction, and (5) unlawfully seizing plaintiff's incoming mail.   By Order dated October 26, 2010, the Court dismissed claims (1)-(4) pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim.   <u>See</u> ECF No. 4.   The Court allowed plaintiff to proceed on claim (5).   As such, that is the only claim before the Court at this time.

1

## I.  Background

Plaintiff alleges that the defendant, a postal assistant in the mailroom at Haynesville

Correctional Center, was unlawfully seizing his incoming mail.   Specifically, plaintiff alleges

that the defendant was "opening, reading, seizing, and returning [his] mail . . . through the delay,

and denial of receipt of student transcripts from Whitefield Theological Seminary . . . which are

specifically and legally marked 'confidential.'"   Compl. at ¶ 8, ECF No. 2.

It is undisputed that the handling of mail at Haynesville Correctional Center is governed

by Virginia Department of Corrections ("VDOC") Operating Procedure ("OP") 803.1  See Encl.

A.; ECF No. 42.   OP 803.1(IV)(B) specifically provides that "all incoming general

correspondence will be opened, searched, and may be read by authorized staff."   Id. at 4.   The

intended purpose of OP 803.1 is to provide "for the efficient, safe, and secure handling and

processing of correspondence for offenders housed in the Department of Correctional (DOC)

facilities."   Id. at 4.   Furthermore, all of plaintiff's mail has been handled in accordance with the

procedures set forth in OP 803.1. [2]   Corner Aff. at ¶ 5; ECF No. 42.

## II.  Standard of Review

In reviewing a motion for summary judgment, courts must view the facts in the light most

favorable to the party opposing the motion.   Porter v. U.S. Alumoweld Co., 125 F.3d 243, 245

(4th Cir. 1997).   Summary judgment is appropriate where "there is no genuine dispute as to any

---

[2] When a party fails to "properly address another party's assertion of fact as required by 56(c),
the court may . . . . consider the fact undisputed for purposes of the motion."   Fed. R. Civ. P.
56(e).   In this case, plaintiff argues that several of the undisputed facts identified by the
defendant are "totally disputed."   Pl.'s Resp. at 2; ECF No. 55.   However, plaintiff offers no
evidence to substantiate these assertions and instead raises several issues that are irrelevant to the
narrow claim presently before the court.   Therefore, because plaintiff has failed to properly
address the defendant's assertions of fact, the facts will be considered undisputed for purposes of

2

material fact the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a);

Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  A "genuine" dispute as to a material fact is

present "if the evidence is such that a reasonable jury could . . . return a verdict for the

non-moving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  When a

motion for summary judgment is made and supported by affidavits, an adverse party may not rest

upon the mere allegations or denials of the adverse party's pleading, but the adverse party's

response must set forth specific facts showing that there is a genuine issue for trial.  Fed. R. Civ.

P. 56(e).  Unsubstantiated, conclusory claims without evidentiary support are insufficient to

satisfy a non-moving party's burden on summary judgment.  Carter v. Ball, 33 F.3d 450, 461-62

(4th Cir. 1994); Goldberg v. B. Green & Co., 836 F.2d 845, 848 (4th Cir. 1988).

### III.  Analysis

The Supreme Court has recognized that prisoners have a protected First Amendment

interest both in sending and receiving mail.  Thornburg v. Abbott, 490 U.S. 401 (1989); Turner

v. Safely, 482 U.S. 78 (1987).  However, the Court has also acknowledged that the rights of

prisoners "must be exercised with due regard for the 'inordinately difficult undertaking' that is

modern prison administration."  Thornburgh, 490 U.S. at 407.  Therefore, a prison regulation

which impinges on an inmate's First Amendment right to receive mail is constitutional so long as

it is "reasonably related to legitimate penological interests."  Turner, 482 U.S. at 89.

Applying this law to the record before the Court, it is apparent that the defendant did not

violate plaintiff's rights by "opening and reading" his incoming mail from Whitefield

Theological Seminary.  Opening and searching inmates' non-legal mail to confirm that it does

---

this Memorandum Opinion.

not contain contraband is "reasonably related" to the "legitimate penological interest" of ensuring

the "efficient, safe, and secure handling and processing of correspondence for . . . offenders"

housed in VDOC custody. See OP 803.1; Encl. A. at 1, 4; ECF No. 42; see also, Turner, 482

U.S. at 78; Oliver v. Powell, 250 F. Supp. 2d. 593, 606-608 (E.D. Va. 2002) (holding that

VDOC's prison mail regulations were constitutional and satisfied Turner's four-part

reasonableness test).

Furthermore, the mere fact that the transcripts were marked "confidential" does not

exempt them from general inspection under OP 803.1. Only mail meeting the definition of

"special purpose correspondence" or "legal correspondence" is exempted from general

inspection. OP 803.1(III); Encl A.; ECF NO. 42. In this case, the mail at issue did not qualify

as legal mail because it was not "sent to or received from verified attorneys, officers of state,

federal, and local courts, the Virginia State Bar" and it was not a "tort claim[] filed with the

Division of Risk Management." OP 803.1(III); Encl. A.; ECF No. 42. Likewise, the mail was

not "special purposes correspondence" because it was not sent to or received from any of the

individuals or agencies listed in the definition of special correspondence mail. Id. Therefore,

the mail was classified as general correspondence and was subject to search and inspection that

applies to all general correspondence mail.

To the extent plaintiff attempts to raise a separate claim for the alleged "delay" in

receiving his transcripts from the Whitefield Theological Seminary, that claim must also fail.

Courts uniformly recognize that a relatively isolated or short-term disruption in a prisoner's

receipt of his mail, legal or otherwise, does not rise to the level of a constitutional deprivation.

White v. White, 886 F.2d 721, 724 (4th Cir. 1989) (§1983 complaint dismissed as frivolous

4

where prisoner's allegations of disruption in his attempts to mail legal correspondence were "speculative" and included no claim of actual injury); see also, Sizemore v. Williford, 829 F.2d 608, 612 (7th Cir. 1987) (even "persistent" short-term delays in prisoners' receipt of mail do not raise constitutional concerns); Rose v. Shake, 196 F.3d 778, 782 (7th Cir. 1999) (relatively short-term and sporadic delays in prisoner's receipt of non-legal mail did not violate his First Amendment or due process rights); Langlois v. Dane Co. Sheriff's Office, 2008 WL 4722993 at *1 (W. D. Wis. Oct. 23, 2008)(single ten-day delay in prisoner's receipt of personal mail "too brief to violate the First Amendment").

In this case, plaintiff provides no factual support or evidence to substantiate his allegation that the receipt of his transcript was delayed nor does he state how long the alleged delay lasted. The defendant, however, has submitted VDOC OP 803.1 into evidence, which specifically provides that under normal circumstances mail will be processed the same day it is received. See OP 803.1(IV)(A)(3); Encl. A. at 2-3; ECF No. 42.  In "severe staff shortages . . . or days of extremely heavy mail flow" mail may be held up to forty-eight hours.  Id.  Only in emergency situations will mail be held in excess of 48 hours.  Id.  Furthermore, the defendant attests that all of plaintiff's mail has been handled in accordance with OP 803.1.  Corner Aff. ¶ 5.  Based on this record, the Court cannot find that plaintiff suffered a constitutional injury due to a delay in the receipt of his transcripts.

Lastly, plaintiff asserts that he was denied the receipt of his transcripts from Whitefield Theological Seminary.  Compl. at ¶ 8; ECF No. 2.  Again, plaintiff offers no evidence in support of this allegation and defendant affirmatively states that she handled all of plaintiff's mail in accordance with OP 803.1.  Defendant further states that she had no desire to interfere

5

with plaintiff's mail, and that if he did not receive his materials from Whitefield it is because the materials did not arrive at Haynesville Correctional Center.   Corner Aff. at ¶ 5; ECF No. 42. Again, based on this record the Court cannot determine that plaintiff's First Amendment right to receive mail was violated.   Therefore, defendant's Motion for Summary Judgment must be granted.[3]

### IV. Outstanding Motions

Also before the Court is plaintiff's Motion for Reconsideration, in which he asks the Court to reconsider its October 26, 2010 Order.   In that Order, the Court dismissed four of the claims raised by plaintiff, including a claim in which plaintiff asserted that the defendant unlawfully searched and ultimately returned mail from plaintiff's fiancé due to allegedly false claims that the mail contained photographs of nude children.   In his Motion for Reconsideration, plaintiff requests the Court to "reopen" this claim, arguing that the photos in question were not nude children, as they did not show genitalia, buttocks, or nipples.   In support of his Motion, plaintiff submits an affidavit from his fiancé and a copy of the letter and photos in question.

Plaintiff's argument is unpersuasive.   First, OP 803.1 clearly prohibits nude or semi-nude photos and plaintiff himself has described the photos in question as depicting a "<u>semi-nude</u> infant."   <u>See</u> Ex. 3 at 4; ECF No. 3.   Furthermore, even if even if the mail was wrongfully returned to plaintiff's finance, a single incident of wrongfully returned mail does not rise above negligence and, therefore, fails to state a claim under § 1983.   <u>Daniels v. Williams</u>, 474 U.S. 327, 328 (1986).   Accordingly, plaintiff's Motion for Reconsideration must be denied.

---

[3] The defendant also argues that she is entitled to qualified immunity.   Given that the defendant's Motion for Summary Judgment will be granted, it is unnecessary for the Court to address defendant's argument on qualified immunity.

## V.   Conclusion

For the foregoing   reasons, defendant's Motion for Summary Judgment will be granted. In addition, plaintiff's Motion for Reconsideration will be denied.   An appropriate Order shall issue.

Entered this ___14th___ day of ___February___ 2012.

```
                              /s/
           _____
                      Claude M. Hilton
                 United States District Judge
```

Alexandria, Virginia